## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE S. BUSSINGER, | Civil Action No. 20-5600 (RBK) |
| Petitioner, | |
| v. | **OPINION** |
| JONATHAN GRAMP, et al., | |
| Respondents. | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, a state prisoner, seeks to bring this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, *in forma pauperis*, without prepayment of fees.  Upon review of Petitioner's application to proceed *in forma pauperis*, leave to proceed in this Court without prepayment of fees is authorized.  For the following reasons, however, the Court will dismiss the Petition for lack of jurisdiction.

This case arises from Petitioner's incarceration at Bayside State Prison.  Petitioner contends that the COVID-19 pandemic and the New Jersey Department of Corrections' failure to control the outbreak at the prison, renders his incarceration cruel and unusual punishment under the Eighth Amendment.  Petitioner also contends that the revocation of his parole violated his due process rights under the Fourteenth Amendment.

By way of background, in August of 2017, approximately three years into Petitioner's five-year term of mandatory supervision, Petitioner absconded and avoided detection for twenty-one months, until officials apprehended him in May of 2019. (ECF No. 1-3, at 63).  On January 15, 2020, the New Jersey State Parole Board revoked Petitioner's parole and established a twelve-month parole eligibility term. (*Id.*).  Petitioner filed an administrative appeal, and on March 25, 2020, the Board issued a final agency decision and affirmed. (*Id.* at 61–63).  On April 3, 2020,

Petitioner filed an appeal with the New Jersey Superior Court, Appellate Division, which is still pending before that court.

With that background in mind, the Petition is facially deficient because the Court does not have jurisdiction, under § 2241, to hear these claims.  A "habeas corpus petition . . . under 28 U.S.C. § 2254 is the *only* proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *See, e.g.*, *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (emphasis added) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)); *see also Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Although the texts of § 2241 and § 2254 appear similar, "§ 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention . . . even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court." *Clapper v. Thompson*, No. 13-1629, 2014 WL 4384355, at *3 (W.D. Pa. Sept. 3, 2014) (emphasis removed) (quoting *Frost v. SCI Albion*, 2011 WL 4502835, *3 (W.D. Pa. Sept. 28, 2011)).

As a result, because the Petition challenges Petitioner's custody pursuant to a state court judgment, this Court does not have jurisdiction under § 2241 to hear his claims.  Accordingly, the Court will dismiss the Petition for lack of jurisdiction.

Although not necessary to the Court's disposition, assuming Petitioner had filed his claims under § 2254 under the proper form, the Court would dismiss those claims for failure to exhaust. Even where a state prisoner seeks "to attack the execution, rather than validity, of his sentence," he must still "exhaust all of his state court remedies before filing a [federal] habeas petition . . ., and the petitioner bears the burden of establishing that he has met this requirement." *Rapeika v.*

2

*Adm'r N. State Prison*, No. 20-5358, 2020 WL 2092790, at *1–2 (D.N.J. May 1, 2020) (citing *Coady*, 251 F.3d at 488).

Indeed, under 28 U.S.C. § 2254(b)(1), federal courts may not grant habeas relief unless a petitioner has "exhausted the remedies available in the courts of the State, there is an absence of process in the state courts, or there are circumstances which render the state process ineffective." *Id*. (internal quotation marks omitted). "Where any available procedure remains for the [petitioner] to raise the question" in state court, the petitioner has not exhausted his available remedies. *Id*. (quoting *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011)).

In the present case, Petitioner facially admits that he has not exhausted his available remedies and that he has a pending appeal before the Appellate Division. Petitioner argues that his appeal is not effective because of the imminent danger of COVID-19 and the average time it takes to resolve parole appeals at the Appellate Division. According to Petitioner, it takes the Appellate Division 19.8 months, on average, to resolve a parole appeal. On the other hand, Petitioner's parole ineligibility expires in under six months, and his entire sentence expires in under eighteen months. (ECF No. 1-3, at 17).

The Court rejects Petitioner's arguments. Just as Petitioner seeks emergency relief before this Court, he could have sought emergency relief before the Appellate Division to challenge his parole revocation. Similarly, Petitioner could have filed an emergency motion or petition with the state courts to otherwise challenge the conditions of his confinement or the execution of his sentence. *See Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing a § 2254 petition for failure to exhaust, in a COVID-19 case, where the "Petition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts.").

3

Accordingly, had Petitioner filed his claims as a § 2254 under the proper form, the Court would have dismissed the petition for failure to exhaust.

For the foregoing reasons, the Court will dismiss the Petition.  An appropriate Order follows.


DATED:  May 29,  2020                                   s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge